

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00101-CV
### No. 10-15-00108-CV

## IN THE INTEREST OF J.T., A CHILD
## AND
## IN THE INTEREST OF M.K., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2013-2639-3 and 2013-154-3**

## ORDER

Appellants indicated in their respective docketing statements that these appeals should be referred to mediation.

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073 (West 2011). The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002 (West 2011). Mediation is a form of ADR. Mediation is a mandatory but non-binding

settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that these appeals are appropriate for mediation. *See id.* § 154.021(a) (West 2011); 10TH TEX. APP. (WACO) LOC. R. 9.

All the parties and the representative(s) of each child, are ordered to confer and attempt to agree upon a mediator. Within fourteen days after the date of this Order, appellant, **William Ray Kent**, is ordered to file a notice with the Clerk of this Court which either identifies the agreed-upon mediator or states that the parties are unable to agree upon a mediator. If the notice states that the parties are unable to agree upon a mediator, this Court will assign a mediator.

Mediation must occur within thirty days after the date the above-referenced notice agreeing to a mediator is filed or, if no mediator is agreed upon, within thirty days after the date of the order assigning a mediator.

No less than seven calendar days before the first scheduled mediation session, each party and each representative of each child must provide the mediator and all other parties with an information sheet setting forth the party's or child's positions about the issues that need to be resolved. At or before the first session, all parties and all children's representatives must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties and representatives of the children in each appeal must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the entire mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer these appeals to mediation.

**These appeals are of judgments terminating parental rights and are accelerated. Therefore, NO appellate deadlines are suspended as a result of this Order and the appellate timetables in each appeal remain in effect during the course of mediation.**

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed April 30, 2015

